## DENNIS KANAN v. JOHN WRIGHT, Appellant.

### Division One, March 16, 1925.

1. **PLEADING: Amendment: Departure.** An amendment to a petition to quiet title which consists of the addition of a second count setting up equitable grounds why a certain deed should be reformed, is not a departure.

2. ———: ———: ———: **Quieting Title: Defective Petition.** The statute (Sec. 1970, R. S. 1919) permits plaintiff to plead and have adjudicated any and all rights, claims, interests, liens and demands whatsoever, whether legal or equitable, and where the real purpose of his action is to have a certain deed reformed so as to vest title in him, his petition simply praying the court to ascertain, determine and settle the title, ending with a prayer for general relief, is defective; and under this statute an amendment by adding an additional count, alleging that the intention of the grantor in a certain deed was to vest in him the fee in remainder and asking that the deed, expressing a contrary intent, be reformed, so as to conform to the true intention, is not a departure, but within the purview of said statute, under which a cause of action may be legal in part and equitable in part.

Citations to Headnotes: **Pleading,** 31 Cyc. 414; **Quieting Title,** 32 Cyc. 1365, 1349, 1374.

Appeal from Clinton Circuit Court.—*Hon. Guy B. Park,* Judge.

AFFIRMED.

*E. G. Robison* for appellant.

(1) The cause of action declared upon in the original petition was an action at law. Lee v. Conran, 213 Mo. 411; Peninston v. Press Brick Co., 234 Mo. 709. (2) Our Code of Procedure does not abolish the distinction between law and equity. It is as clearly observed as it is under a system in vogue in those states in which separate courts are held. State ex rel. v. Evans, 176 Mo.

317.  (3)  The rule allowing amendments to pleadings is ordinarily subject to the limitation that there cannot be a change in the form or nature of the action.  Amendments which change an action at law into a suit in equity or *vice versa* is within the general rule against changing the form of the action, especially in those jurisdictions which preserve the distinction between law and equity. 21 R. L. C. 580, sec. 132.  (4)  The first petition was a plain suit at law alleging that plaintiff was the owner in fee simple of the lands there described.  The first amended petition is a bill in equity, both counts of which pray for the reformation of the deed in question on the grounds of mutual mistake of the draughtsman who prepared the deed.  And that title was held in trust, and an agreement to convey for valuable consideration.  This is a departure and an amendment not authorized by law, as the same evidence is not admissible under the original petition that is admissible under the first amended petition; the same evidence will not support both.  If this is true then the first amended petition was a substitution of a new cause of action, by amendment introducing a new and different cause of action.  Park v. Park, 259 S. W. 420; Jacob v. Railroad Co., 204 S. W. 956; Scovill v. Galsner, 79 Mo. 453; Liese v. Meyer, 143 Mo. 555, 162 Mo. 329; St. Charles Sav. Bank v. Thompson, 223 S. W. 737.  This suit was originally filed under the provisions of Section 1970, and Section 1971 simply provides that pleading shall under that section conform to the rules of pleading under the Code.  And it has so been held by this court in Wolz v. Venard, 161 S. W. 765 (c).  See also Wall v. Mays, 210 S. W. 872.

*Frank B. Klepper* and *R. H. Musser* for respondent.

(1)  Section 1970 has been given a very liberal construction by the courts.  Under it all matters in controversy have been settled, and decrees adjudging titles, declaring deeds void, cancelling and reforming deeds, have been entered.  Under this statute a multitude of ills, that creep into titles, are litigated and settled, with-

out the technicalities that attended such litigation prior to its adoption. Ball v. Woolfolk, 175 Mo. 385; Doe Run Lead Co. v. Maynard, 238 Mo. 675; Teters v. Tolle, 284 Mo. 179; Wilhite v. Wilhite, 284 Mo. 391; Voights v. Hart, 285 Mo. 118; Peterson v. Larson, 285 Mo. 126; Wettereau v. Trust Co., 285 Mo. 561; Martin v. Jones, 285 Mo. 595. (2) The litigant is authorized under Sec. 1221, R. S. 1919, to unite in one petition several causes of action, whether legal or equitable or both, where they arise out of the same transaction, or connected with the same subject of action. This must affect all parties to the action, be separately stated, with the relief sought for each cause of action. Grimes v. Miller, 221 Mo. 639; Lane v. O'Dowd, 172 Mo. 174; McHoney v. Ins. Co., 44 Mo. App. 426. (3) Under the authority of these two sections, the plaintiff was entitled to enlarge the scope of his pleadings and to plead thereunder any right of action he had as well as pray for all relief that Section 1970 or any other cause of action he had, entitled him to. Stephens v. Fitzpatrick, 218 Mo. 708.

GRAVES, J.—This is a companion case of Kanan v. Hogan, and the two were argued and submitted together. In the Hogan case, we have, as to all answering defendants (and such included all defendants except John Wright) ruled that under count one the written instrument should, by decree, be reformed, and that under count two title should be decreed in plaintiff Dennis Kanan. That case was tried upon an amended petition. John Wright moved to dismiss the amended petition, and his motion reads:

"Comes now the defendant John Wright and moves the court to dismiss plaintiff's first amended petition, and for grounds therefor says:

"That the amended petition is a departure from the original cause of action.

"That the amended petition is a substitution of a new and different cause of action from that stated in the original petition.

"That it required different evidence to support the allegations of the amended petition from that of the original petition.

"That the amended petition changes the form of the action from an action at law to a bill in equity.

"That the same evidence will not support the original petition and the amended petition.

"That the amendment is not authorized by law."

The original petition was one to ascertain and decree title. The amendment made consisted in adding a count to reform the deed. John Wright's motion being overruled, he saved and preserved his exceptions, refused to plead further, and permitted a default judgment to be entered as to him.

His appeal centers around the ruling on his motion to dismiss. Further details are left for the opinion.

I. The original petition was a pure action to determine interests of the parties, as was provided in the old Section 650, Revised Statutes 1899, vol. 1, p. 261. It was extremely short and averred that plaintiff was the owner in fee of the lots of ground in question, and that the defendants were claiming title to the property adverse and prejudicial to the interest of plaintiff, and by the prayer the court was asked by decree to "adjudge, determine, settle, quiet and define the rights, titles, interests and estate of the plaintiff and defendants in and to said property," and concluded with a prayer for general relief. The amended petition, as we have suggested, was in two counts. The first count sought the reformation of a deed from Amanda Kanan to Dennis Kanan. The second count was to quiet title, but, among other things, contained the following allegations:

"That the defendants and each of them claim and assert some title to the said tract of land—and that their said claim, if any arises from the execution and delivery of a certain deed by Amanda Kanan on the 12th day of October, 1916, to this plaintiff, which said deed is recorded in Book 128 at page 536 of the records of the Recorder's office of Clinton County, Missouri, and the plain-

tiff is informed and believes that the defendant who with Edna Kanan and Gertrude Curtis—are the sole and only heirs at law of Amanda Kanan, now deceased—claim and assert that the said deed—does not convey the lands described therein and is ineffectual for said purpose. Plaintiff says, that said deed was made and delivered by the said Amanda Kanan for a good and sufficient consideration to her, and the considerations and agreements for which said deed was made, were fully complied with on his part, and that said Amanda Kanan intended and attempted to fully convey to him by said deed the said lands, reserving to herself a life estate therein. That the said claim of defendants is prejudicial and adverse to the claim of this plaintiff and his title."

This was followed by a prayer for the determination of title, and such prayer concluded with a prayer for general relief, just as did the prayer of the original petition. The judgment by default entered against John Wright "decreed that the said John Wright had no interest in real estate described in plaintiff's petition" and concluded with an adjudication of costs against him.

Wright preserved his motion to dismiss by bill of exceptions, and he likewise so preserved his motion for new trial and in arrest of judgment. These are facts in addition to the general outline, supra. His appeal is from the judgment mentioned herein.

II. In the determination of the cause a consideration of the statute must be given. The origin of the statute was the Act of 1897 (Laws 1897, p. 74). This law became old Section 650, Revised Statute 1899. In 1909 (Laws 1909, p. 343) the original statute was amended by the addition of the following language:

"And upon the trial of such cause, if same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights, claims, interests, liens and demands whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of

them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effectual between the parties thereto as if rendered in any other, different or separate action prosecuted therefor.''

As so amended in 1909, it became Section 2535, Revised Statutes 1909, and without change is now Section 1970, Revised Statutes 1919. The original petition was filed and the suit brought to April term of the circuit court for the year 1920. It was therefore an action under the then existing law to quiet and define title. In other words it was under Section 1970, Revised Statutes 1919. Old Section 650, Revised Statutes 1899, reads:

''Any person claiming any title, estate or interest in real property, whether the same be legal, or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute 'an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.''

To this, in 1909, was added the paragraph we have quoted above, and the two quotations cover all of the present section, Section 1970, Revised Statutes 1919.

We have adopted this method of giving the section in full for the purpose of discussing the question of alleged departure and other matters in appellant's motion to dismiss. There can be no question as to the fact that the original petition was one drawn under Section 1970. It only failed to plead all the things which might have been pleaded under such section. It was a statutory action under that section, and it might have well included either legal or equitable matters. What the

307 Mo. Sup.—19.

plaintiff in fact did was to so amend his petition as to avail himself of the full provision of Section 1970. When this amendment of 1909 was made, the statute allowed a plaintiff to plead and have adjudicated "any and all *rights,* claims, interests, liens and demands whatsoever . . . concerning or affecting said real property and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could do in any other different action brought by the parties or any one of them, . . . and the judgment or decree . . . shall be as effectual between the parties thereto as if rendered in any other, different or separate action prosecuted therefor."

This peculiar form of action is statutory, and what the plaintiff in fact did was simply to enlarge his petition to cover matters (not causes of action particularly) which might have been rightfully and properly stated in the first petition. He had a right to so amend his petition, because the statutory action as provided by the statute covered all the things finally pleaded.

The original petition did not state all matters of fact involved in plaintiff's action. In amending the petition so as to make it cover other things covered by the statute, which were authorized by the facts, he was not departing from his statutory cause of action, but simply making a defective petition state all the matters that could have been stated in the first place. It must not be overlooked that this is a statutory cause of action, which may be legal in part, and equitable in part, and when plaintiff amended his petition he only had, as in the first petition, a stated cause of action under the statute. His statutory action covered not only what was first pleaded, but all that was added thereto by way of amendment. His statutory cause of action was never changed, but additional matter was added thereto, which matter was properly a part of the statutory action, but omitted in the first petition. Plaintiff, by the amendment, simply added other issues to the same statutory cause of action.

Section 1280, Revised Statutes 1919, expressly authorizes the filing of "an amended or supplemental petition . . . alleging facts material to the cause, or praying for any other or different relief, order or judgment." Section 1221, Revised Statutes 1919, expressly authorizes the uniting in one petition of several causes of action arising out of the same transaction. But we are not compelled to go to these sections for the right to amend and to join causes of actions, because Section 1970, which gives the present statutory cause of action, is ample authority. Plaintiff was not changing or departing from his statutory cause of action, but was simply pleading additional facts, all of which he had the right to plead under Section 1970, supra. It occurs to me that this statute fully answers the question of departure, and every other question raised by the appellant's motion. What plaintiff did was to make his pleading cover all matters of which he had proof, under the provisions of the statute. The ruling of RAGLAND, J., in Peterson v. Larson, 285 Mo. 1. c. 126, rightly says that a judgment must not go beyond the pleadings, even under Section 1920, supra. But the whole scope of the opinion would indicate that had the absent matters in that case been duly pleaded, as here, then the judgment would have been proper. The statute has always been liberally construed. The amendments made were authorized by the statute, and the motion to dismiss was properly overruled.

Let the judgment be affirmed as to this defendant, and such judgment decrees that he has no title. Judgment affirmed. All concur, except *Atwood, J.*, not sitting.