BRACKEN, Respondent, v. BRACKEN, Appellant.

(217 N. W. 192.)

(File No. 5676. Opinion filed December 31, 1927.)

*Williams & Sweet,* of Rapid City, for Appellant.

*Harry P. Atwater* and *John T. Milek,* both of Sturgis, for Respondent.

BURCH, J. This action. was originally commenced by plaintiff against defendant for a divorce and alimony. Plaintiff did not claim a formal marriage, but relied on a common-law marriage. Defendant denied the marriage, and on appeal to this court it was held that plaintiff and defendant had never married. Bracken v. Bracken, 45 S. D. 430, 188 N. W. 46. But this court affirmed the judgment of the trial court adjudging the joint ownership of 480 acres of land. The pleadings were then amended, and under the amended pleadings this action is now proceeding as an action for partition of the land and for a general accounting between the parties. The trial court partitioned the land by giving to each party 240 acres of the land, took an account of improvements, taxes, and rents, and in addition took a general account of all transactions between the parties, except damages claimed by plaintiff for injury to personal property stored on the premises of defendant. The accounting resulted in a judgment in favor of plaintiff for $1,695.75. From the judgment and an order overruling a motion for new trial defendant appeals.

No objection is made to the division of the real property as made by the trial court, but appellant complains of the refusal of the court to allow him for taxes paid, for money paid as temporary alimony while this proceeding was pending as a divorce action, and of the action of the court concerning improvements, rents, and items of the general accounting.

██ Respondent contends that "this case cannot be determined by the same strict rules that would govern an ordinary action between tenants in common," because for many years they cohabited together and held themselves out to the world as husband and wife. From counsel's argument he seems to think a partition between cotenants might follow a different rule where they were living as husband and wife, but not married, than if such cotenants were brothers and sisters, cousins, strangers, or in fact husband and wife; that because the woman has no marital rights that can be protected in a divorce action, she may recover something in lieu of such rights in a partition and accounting action. If she has no such rights, there can be no recovery thereof in any form of action. Marital rights depend upon the status of marriage, and a court of equity cannot allow alimony and maintenance under color of adjusting the equities between a man and woman who have lived as

husband and wife without having married. Since respondent and appellant were not married, their rights must be adjusted on that basis, and in this action a partition of the real estate and accounting for rents and profits, and the general accounting must be made without regard to cohabitation, except in so far as such assumed relationship affects their contracts with each other.

The court found that the land exclusive of the improvements is all of the same value. Of that set off to appellant 160 acres had improvements of the stipulated value of $6,500. Of that set off to respondent 160 acres had improvements of the stipulated value of $350. The other 160 acres had improvements consisting of fences and breaking of the stipulated value of $1,200. Eighty acres of this all under cultivation was set off to respondent, and 80 acres with 20 acres under cultivation was set off to appellant. With the exception of improvements originally on the place, appellant paid for all the improvements. The improvements on the land apportioned to him are now his and need not be accounted for by respondent. The court found the value of the improvements not paid for by appellant, but on the premises at the time of the purchase of the land to be $475. These improvements were all on land set off to appellant, and the court allowed respondent to recover one-half of their value with interest. As to the improvements on land apportioned to respondent, the court found that appellant had placed none thereon except the breaking of 80 acres, and the repairing and replacement of fence originally on the land which the court found accrued solely to the benefit of appellant while he occupied the land. It is claimed this finding is without support in the evidence. The rents were found by the court to be of the value of $1,872.60 for ten years over and above taxes paid.

■ ■ On the general account the court allowed respondent for taxes paid on the land and personal taxes of appellant $456.24, and for the value of the contents of a trunk $400, and charged her with $103 for labor performed by appellant, $137.50 for grain belonging to appellant, $200 for damage to a tractor, and $60.50 for storage of her furniture. Complaint is made that the court did not allow the amount shown by the evidence for damages to tractor. True a much larger estimate was made, but the specific injury was shown to be the scoring of a cylinder, and the court was not bound to take appellant's estimate of the damage, but

could consider the specific injury shown and make his own esti-mate, and without proof that a scored cylinder could not be re-placed for the amount allowed we cannot say the court's estimate was wrong.

■■ Practically all the assignments of error are based up-on the insufficiency of the evidence to support the findings of the court and its conclusions of law. Respondent points out that the abstract of the evidence is not complete, because the evidence taken in the former trial is not included. The transcript of the evidence of the former trial was introduced in evidence, but appellant says such evidence is immaterial upon any of the issues now before the court, and it was not necessary to include such evidence in the brief, and contends that the abstract is complete and sufficient and contains all the material evidence to properly present the questions raised on this appeal. If the omitted evidence is material, then this court will not consider the assignments based on insufficiency of the evidence, but will presume the findings have support in the evidence. The former relations of the parties cannot be considered as giving the woman any rights incident to marriage or any rights in lieu of marital rights, nor can equity consider the woman as a wife for the purpose of compensating her for wifely duties performed, but the assumed relationship may have a very material effect upon contracts between the parties. If a woman should assume the duties of a housewife and care for a home, while the man assumed the duties of a husband and ran the farm, although both parties knew there was no marriage, such assumed relation might have a great bearing in determining the right to wages of one against the other, or upon the interest of each in the property acquired in the joint enterprise. What the respective rights may be in such case need not be decided, but that the rights of the parties and interest in the acquired property would differ in such case, from the rights and interests of parties not engaged in a joint undertaking, cannot be doubted.

■■ Implied contracts depend upon circumstances creating them. In this case appellant is asking pay for improvements on land apportioned to respondent, although it is apparent that a large part of the value of such improvements was created by labor of appellant in breaking the land and building the fence. The record before us is silent as to what respondent was doing, if any-

thing, at the same time to further the interests of the joint enterprise. The portion of the record not brought before us was the transcript of the first trial in which respondent claimed she was appellant's wife and divorce and alimony was sought. It may contain much that would enlighten the court on the respective action of the parties and the management of their property, contributions of each to the enterprise, when and how it was terminated, whether by agreement or a wrongful ouster of one by the other without a settlement and accounting. All these things may have a bearing on the right of appellant to recover for the breaking and fence on respondent's land, for pay for hauling and storing respondent's furniture, value of grain taken, injury to tractor, and appellant's liability for rent and for conversion of respondent's property. The trial court had this evidence before it, and upon the record before us we do not feel that his findings and conclusions should be disturbed. The illicit relations could, of course, be abandoned at any time, by either party without the consent of the other, but when two persons enter into a joint enterprise involving property rights, the mere fact that those two persons happen to be a man and a woman, who also pose as husband and wife to the public, does not permit one to take all the property acquired during their association without an accounting and settlement of jointly owned or acquired property.

When the suit was commenced, the court made an order requiring appellant to pay temporary alimony and costs of suit. Appellant paid under the order in all $520. Appellant claims he should be allowed credit for such payment. The court denied such credit on the ground that it was paid under an order from which no appeal was taken and which became final.

The payment was made as suit money or what is sometimes termed temporary alimony. It partakes of the nature of costs, part, if not all, being for use in disbursements incident to suit and is subject to final adjudication only in the suit to which it is an incident. No independent action can be maintained to recover it, nor can it be recovered by way of set-off. While this case is proceeding under the same title and without another summons, the pleadings have been so amended as to present an entirely new action, after a final adjudication of the divorce proceeding. The trial court was right in refusing to take this item into account in adjusting the accounts of cotenants.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.