BEUCK, Appellant, v. HOWE, Respondent

(23 N. W.2d 744.)

(File No. 8771. Opinion filed July 31, 1946.)

**Thos. G. Wall,** of Sturgis, for plaintiff and Appellant. No appearance for Respondent.

SMITH, J.   Plaintiff sued John A. Beuck, above-named, for divorce and in her complaint asserted title to Lot Nine of Block Five of the Original Town of Keystone, South Dakota, and to the improvements thereon.   John A. Beuck interposed an answer denying the marriage, and a counterclaim in which he alleged that the above-described real property was purchased and is owned by him.   He prayed for a decree quieting title in him.   The court found: that the parties were not husband and wife; that in 1935 they entered into a joint enterprise whereby they lived together and lent their mutual efforts toward earning a livelihood and acquiring some small amount of property; that as a result of their mutual endeavors they acquired the above-described real property and erected some structures thereon; and that the defendant, since his association with plaintiff, has been gainfully employed and has contributed largely to the purchase of the real property, which property is of a value of $500.   The court distributed certain personal property between the parties and decreed the real property to defendant but required defendant to deposit $250 with the clerk for the benefit of the plaintiff.   Plaintiff moved for a new trial on the ground that the evidence was insufficient to support the findings.   The motion was denied.   The appeal to this court is solely from those portions of the judgment dealing with the property.   The defendant passed away after the appeal was taken and an order was made substituting Burnett P. Howe, as administrator of his estate.

The plaintiff contends that the evidence is insufficient to establish that John A. Beuck contributed either money or effort toward the acquisition of the· described real property.

■ The illicit relations of a man and woman who live together without being married give rise to neither marital nor property rights. However, either the man or the woman may gain an interest in property accumulated in the name of the other, while so associated. In the absence of a controlling contract such an interest stems from the fact that the property was acquired through the joint efforts or contributions of the parties with the intention that both should share in its benefits; its extent is proportioned to the contributions of money or effort of the individual. Bracken v. Bracken, 52 S. D. 252, 217 N. W. 192. And see Annotation at 75 A. L. R. 732, and 35 Am. Jur. 217.

■ The record in this case has received painstaking study. We have concluded that nothing will be gained by detailing the evidence. It establishes that the plaintiff and defendant lived together for approximately eight years without being married, that the described real property was acquired during that time and title thereto taken in the name of the plaintiff. It fails to establish an express contract between the parties affecting the title to that property. The plaintiff admits that John A. Beuck did some small amount of work as a carpenter in building the improvements, but the exact extent of that work is not shown. She ·testified that the work done was in exchange for board furnished by her. The record is silent as to any other direct or indirect contribution of either effort or money made by John A. Beuck to the acquisition of the property or to its improvement. Therefore, we hold that the evidence does not warrant the inference that John A. Beuck contributed substantially or "largely" to the acquisition of the above-described real property and that the court erred in decreeing that property to him.

The portions of the judgment appealed from are reversed.

WOHLHETER, Circuit Judge, sitting for POLLEY, J. All the Judges concur.