JAMES D. HALFERTY, Respondent, v. ED KARR, et al., Appellants.

Kansas City Court of Appeals, March 1, 1915.

CHATTEL MORTGAGES: Sales: Joint Owner. A joint owner in case of personal property embraces all cases where the property in question is owned by two or more persons regardless of the special nature of their relationship or how it came into being, and where one is a joint owner he is entitled to partition, and on showing that the property could not be partitioned, the court has authority to order that it be sold and the proceeds divided between the joint owners, according to their respective interests. It is proper for the court in such a proceeding to inquire whether one of the parties has sold and converted the property to his own use.

Appeal from Jackson Circuit Court.—*Hon. A. C. Southern,* Judge.

AFFIRMED.

*M. F. Ringolsky* for appellants.

*Hughes & Whitsett* for respondent.

JOHNSON, J.—The petition filed by plaintiff June 9, 1913, in the circuit court of Jackson county, contains

three counts. In the first plaintiff seeks to recover judgment against defendant Davidson upon a promissory note for $405 and interest, executed and delivered by Davidson to plaintiff December 2, 1912, and due six months after date. In the second judgment is prayed on a promissory note executed and delivered by Davidson to plaintiff December 2, 1912, for $240 and interest, payable in monthly installments of $40 each, the first of which was due January 2, 1913. Payments in the total amount of $220 were made on that note and the remainder alleged to be due and unpaid was $21,80. No payments were made on the note sued upon in the first count.

In the third count it is alleged that on the date of the execution of said notes and to secure their payment, Davidson executed and delivered to plaintiff a chattel mortgage upon an undivided half interest he owned in certain personal property employed in a transfer, coal and feed business in Kansas City; that Davidson and defendant Karr were equal partners in that business and Karr was the owner of the other undivided half interest in the partnership property; that in May, 1913, the partnership was dissolved and Davidson sold his undivided interest in the property to Karr, subject to the mortgage; that at the time of this sale Davidson had broken the condition of the mortgage and plaintiff thereby had become entitled to the immediate possession of the mortgaged property and a joint owner of the property with Karr; that Karr sold a portion of the property of the value of $1700 and converted the proceeds to his own use and that he (Karr) ''is threatening to, and will unless prevented, sell and dispose of said property and convert the same to his own use and thereby deprive plaintiff of his rights therein and lien thereon for the security of his debt.'' Further it is alleged that a span of mules, a set of double harness and a new spring wagon, the in-

dividual property of Davidson was included with the
property covered by the chattel mortgage.

The relief prayed for includes the partition of the
property and its sale in partition, the foreclosure of
Davidson's equity of redemption, an accounting be-
tween plaintiff and Karr, and the appointment of a re-
ceiver. The court heard the application for the ap-
pointment of a receiver June 23, 1913, found that "a
necessity exists for the appointment of a receiver" and
ordered that Ernest A. Sholer take charge as receiver
of the mortgaged property mentioned in the petition,
including the undivided property of Davidson, covered
by the mortgage. The receiver qualified, took charge
of all the property he could find and June 27, 1913, filed
a report giving a list and description of the property
taken into his custody. Afterward Karr filed a de-
murrer to the petition and a motion to set aside the
appointment of the receiver, both of which were over-
ruled. He then filed a motion that plaintiff be required
to elect the count upon which he would proceed. This
motion was sustained and plaintiff elected to proceed to
trial on the third count. Karr then filed an answer
which contains a number of affirmative defenses and
plaintiff filed a reply. The trial ended in the rendition
of a judgment "in favor of the plaintiff and against
the defendant Ed. Karr" for the partition of the prop-
erty which the court found was owned by plaintiff and
Karr, and finding that the property could not be di-
vided in kind without detriment to the parties, the court
ordered "that the property now in the hands of the re-
ceiver jointly owned by plaintiff and defendant Karr,
and described in this decree, be sold by the receiver at
public vendue to the highest bidder for cash on the ——
day of ———, 1914 . . . that the cost of this case and
the costs of the receivership be deducted from the gross
amount of the sale price of the joint property and that
in the statement of the account between plaintiff James
D. Halferty, and defendant Ed. Karr, that the re-

ceiver charge the said Ed. Karr with the value of the property sold by him, to-wit, the sum of $300, and that the receiver shall state the account between plaintiff James D. Halferty and the defendant Ed. Karr, and make report to this court.'' Karr appealed from this judgment after his motions for a new trial and in arrest of judgment were overruled.

The material facts of the case disclosed by the evidence may be stated as follows: Halferty and Karr who had been lifelong friends engaged as equal partners in the transfer, coal and feed business, and continued two or three months when Halferty retired and sold his undivided half interest in the partnership property to Davidson, principally on credit. Karr received Davidson as a partner and the business was continued by them. Davidson gave his individual notes, amounting to $645, to Halferty for the deferred payments of the purchase price of the latter's interest and secured the payment of the notes by a chattel mortgage on the purchased interest and on some individual property of Davidson which was filed with the Recorder of Deeds, December 9, 1912. There is evidence tending to show that Davidson breached the condition of the mortgage and was in default when, later, he sold to Karr the undivided half interest he had purchased from Halferty. After this sale, Karr owned an unincumbered half interest in the property and Davidson's equity of redemption.

There is evidence tending to show and the court so found, that Karr, being in possession of the property, disposed of some of it (of the value of $300), converted the proceeds to his own use and was claiming the right to sell or exchange the remainder as he chose. We find no occasion for disturbing the finding of facts upon which the judgment rendered by the court was predicated.

The principal relief given to plaintiff in the judgment was in ordering the partition of the property

by sale and division of the proceeds between plaintiff and Karr, after stating an account between them. Such relief was prayed for in the petition and the first question for our solution is whether or not on the facts found by the court plaintiff is entitled to a sale and partition of the property. Section 2619, Revised Statutes 1909, provides:

"Any one or more of two joint owners of personal property . . . may file a petition in the circuit court for a partition or a sale and a partition of the proceeds thereof, in the same manner as suits may be instituted for the partition and sale of real estate, and like proceedings had thereunder, as near as may be, as provided in cases for the partition of real estate."

At common law the joint owners of chattels had no process for compelling partition, a power to sell was not incidental to the jurisdiction to make partition and hence, if partition could not be made in kind, a court of equity could not decree a sale. Consequently it was held in England and early in this State, that owing to the impossibility in many cases of making partition in kind of a chattel owned by two or more persons and to the absence of authority to decree a sale, partition of personal property either at law or in equity could not be had. [Gudgell v. Mead, 8 Mo. 53.]

The statute we have quoted was enacted in 1879, to afford a right of partition in such cases and as incidental to such right, authority is given .the court to order a sale and partition of the proceeds if partition in kind cannot be made without detriment to the parties. The right is stated to inure to one or more of two or more joint owners of personal property and we think the term joint owners was intended to be understood in its most comprehensive sense and to embrace all cases where the property in question is owned by two or more persons regardless of the

special nature of their relationship or how it came into being.

The right to have personal property partitioned under the statute will not be defeated by the fact that a joint owner out of possession is seeking its enforcement or that the joint owner in possession is lawfully using the property and is not attempting to sell and convert its proceeds to his own use. The latter's possession may be lawful and his use proper and still the owner out of possession may have his action. Indeed one of the prime objects of the statute was to remedy an injustice in the common law which gave the owner in possession the opportunity of keeping the chattel indefinitely and having the sole use thereof. The conditions tolerated by the common law are described in Gudgell v. Mead, supra, in a quotation from a textbook: "A personal chattel vested in distinct proprietors, cannot possibly be enjoyed advantageously by all, without a common consent and agreement among them. To regulate their enjoyment, in case of disagreement, is one of the hardest tasks in legislation; and it is not without wisdom that the law of England, in general, declines to interfere in their disputes, leaving it to themselves, either to enjoy their common property by agreement, or to suffer it to remain unenjoyed, or to perish by their dissensions, as the best method of forcing them to a common consent for their common benefit."

We do not perceive any ground for the idea that plaintiff was not a joint owner under the statute. After condition broken by Davidson the mortgagor, plaintiff as mortgagee became the legal owner of the mortgaged property, i. e., of an undivided half interest in the property and the only right Davidson could and did transfer to Karr was a mere equity of redemption which, in no manner, impaired the legal title vested in the mortgagee. [Robinson v. Campbell, 8 Mo. 365; same case, 8 Mo. 615; State to use v. Carroll, 24 Mo.

App. 358; Jackson v. Cunningham, 28 Mo. App. 354; Lacey v. Gibony, 36 Mo. 320; Edmonston v. Jones, 96 Mo. App. 83.]

After condition broken the mortgagee is entitled to immediate possession and is invested with the absolute title to the mortgaged property. Plaintiff, therefore, was a joint owner of the property with Karr and was entitled to partition. On the showing that the property could not be partitioned in kind, the court, as stated, had authority to order that it be sold and the proceeds divided between the joint owners according to their respective interests. This required a judicial ascertainment of the state of the account and it was proper for the court to treat, as one of the issues of the case, the question of whether or not Karr had sold some of the jointly owned property and converted its proceeds to his own use. If he did and the court found that he did, upon substantial evidence, it was proper to adjudge that in dividing the proceeds of the sale Karr should be charged with the value of the property thus converted in a way to give plaintiff his half of such proceeds. This is what we understand the court did in the judgment rendered.

We do not agree with counsel for defendant that the court erred in appointing a receiver. The action is analagous, in many respects, to a statutory foreclosure of a mortgage and the court, as in such cases, has authority to take charge of the property in controversy when it appears necessary to the protection of the interests of the parties pending a final adjudication. If the joint owner in possession was wasting the property, selling and converting it to his own use, or otherwise jeopardizing the interests of the other joint owner, a proper case was presented for the court taking charge of the property by the hand of its receiver appointed for that purpose. It was not necessary for the petition to allege that the property was inadequate to satisfy the demand of plaintiff against

Davidson on the notes, since the relationship of plaintiff to Karr was not that of mortgagee but of a joint owner having the absolute legal title to an undivided half interest in the property.

Other questions are argued in the brief of counsel for defendant Karr, but they need not be discussed here, since in what we have said we have disposed of the questions which control the case. There is no prejudicial error in the record and the judgment is affirmed.

All concur.