Floyd P. KELLER, Sr.,
Plaintiff-Respondent,

v.

Winifred Laura PORCHEY et al.,
Defendants-Appellants.

No. 37507.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 8, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Application to Transfer Denied
Feb. 8, 1978.

Benson Cytron, House Springs, for defendant-appellants.

Jack C. Stewart, Dennis H. Tesreau, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, for plaintiff-respondent.

KELLY, Judge.

In this appeal from the judgment of the Circuit Court of Jefferson County quieting title to a parcel of real estate and the improvements thereon in plaintiff-respondent, Floyd P. Keller, Jr., and denying the counter-claim of defendant-appellant, Winifred Laura Porchey,[1] for partition, the single point raised by the defendant-appellant is whether the trial court erred in finding for the plaintiff-respondent on the evidence adduced. For reasons hereinafter stated

1. Both parties have married since their separation in 1967; Mr. Porchey is defendant-appellant's husband.

we conclude that the judgment must be reversed and the cause remanded for a new trial.

The crucial issue, as we view it from the pleadings and the record, is the nature of the tenancy enjoyed by the plaintiff (as Mr. Keller shall hereinafter be identified) and the defendant (as Mrs. Porchey shall hereinafter be identified) in a "joint checking account" they maintained between the years 1961 and 1972, and the utter lack of evidence whether it constituted a statutory joint account with right of survivorship pursuant to the provisions of § 362.470 V.A. M.S., or what was the intent of the parties with respect to the tenancy created by the establishment of the account at the time said "joint checking account" was opened. While both parties, throughout the course of the trial referred to the checking account into which both deposited their respective earnings and from which each made withdrawals for housekeeping expenses, rental payments, etc., neither produced any evidence at trial from which the trial court could reasonably deduce the nature of the tenancy in the said "joint checking account."

We believe that the legal rights and responsibilities of these parties with respect to this "joint checking account" must be settled prior to resolving their conflicting claims to the subject property. It is conceded by the parties that although title to the property was deeded to them as husband and wife and as tenants by the entirety, by operation of law, due to the fact they had never legalized their status as husband and wife by participating in a marriage ceremony, they took title as tenants in common. *Anderson v. Stacker,* 317 S.W.2d 417, 421[3] (Mo.1958). Plaintiff pleaded and tried his case on the theory that he furnished *all* of the consideration for the purchase of the property. Defendant alleged and tried her counter-claim on the theory that she took as a tenant in common and was therefore entitled to a one-half interest in the property. It has been held in *Anderson v. Stacker,* supra, that in a case with facts similar to this that in such cases the property is to be apportioned on the basis of the contribution of each of the parties towards the acquisition of the property.

Admittedly payments connected with the purchase of this property were made out of the "joint checking account" by the plaintiff during the time the parties were cohabiting together. The funds of these parties were comingled so that this is not a case of only one of the owners of a joint account making the deposits and the other contributing nothing to the common fund. As has been recognized by the appellate courts of this State, the term "joint checking account" is used indiscriminately not only by depositors but also by financial institutions and the term is appended to "joint accounts" held by tenants in common, tenants with right of survivorship, tenants by the entirety, and to accounts in which an agent has authority to draw. *Melton v. Ensley,* 421 S.W.2d 44, 52 (Mo.App.1967).

While it has been held that the burden of proving the nature of the tenancy enjoyed by the co-tenants in a "joint account" rests on the party relying thereon, *Melton v. Ensley,* supra, l.c. 52[8], we find from the record that plaintiff referred to the checking account as a "joint checking account" during the course of his case, introduced checks showing that the account was a "joint account" in the name of "Floyd P. Keller or Laura Keller" and that sums of money from the joint account were drawn by said checks to make payments relative to the purchase of this property.

Because of the uncertainty created by the absence of evidence concerning the tenancy enjoyed by these co-tenants in their joint account to which both made substantial contributions from their earnings we exercise our discretion and reverse the judgment and remand the case for a new trial. *In re M———— P———— S————,* 342 S.W.2d 277, 283[12] (Mo.App.1961).

Judgment reversed and cause remanded for a new trial.

GUNN, P. J., and WILLIAM H. CRANDALL, Jr., Special Judge, concur.