**Kathy ATKINSON, Administratrix of the Estate of Bonnie Sue Parker, Deceased, Arthur Parker and Mildred Parker, Beverly Ann Agee, and Barbara Jean Rhodes, Appellants,**

v.

**Dr. George DASHER, Respondent.**

**No. 30277.**

Missouri Court of Appeals,
Western District.

Oct. 1, 1979.

John K. Weilert and J. D. Williamson, Jr., Independence, for appellants.

Robert H. Martin and Michael W. Manners, Independence, for respondent; Paden, Welch, Martin, Albano & Graeff, Independence, of counsel.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

PRITCHARD, Judge.

The issue is whether respondent, tenant in common of property purchased by him and Bonnie Sue Parker, deceased, is entitled to contributions made by him in a partition suit, or whether he must accord deceased with an undivided one-half interest in fee simple of the property. The trial court awarded to appellants only the $1,000.00 contributed by Bonnie Sue, and awarded respondent an interest equivalent to the balance of the value of the property.

On August 16, 1974, Doctor Dasher and Bonnie Sue Parker signed an agreement to purchase a house and lot at 304 Locust, Lee's Summit, Missouri, for $89,950. They were not then married, but contemplated that relationship in the future. The couple borrowed $71,950 from the Farm and Home Savings Association and executed a promissory note to repay that amount plus interest, secured by a deed of trust upon the property. It is undisputed that the parties were jointly and severally liable on that note. There was a down payment made of $20,000.00, $19,000.00 by Doctor Dasher, and $1,000.00 by Bonnie, which was required of her as "earnest money" by the relator, she being the only one able to get off work at the time to make the deposit.

The deed, October 30, 1974, ran to Doctor Dasher, a single man, and Bonnie Parker, a single woman. The law is clear that the grantees, not then being married, took title as tenants in common. *Anderson v. Stacker*, 317 S.W.2d 417, 421[3–5] (Mo.1958); *Keller v. Porchey*, 560 S.W.2d 257, 258[1, 2] (Mo.App.1978).

Doctor Dasher's evidence showed that he had paid $42,190.27 toward the purchase price of the property; and the only evidence is that Bonnie paid $1,000.00. The parties were never married, and Bonnie's death resulted from suicide on March 18, 1975.

The rule as to respective interests of cotenants is generally stated at 86 C.J.S., Tenancy in Common, § 18, pp. 378–379: "Where a conveyance to two or more persons is silent as to the interest of each, their interests are presumed to be equal, *but the presumption is rebuttable by evidence to the contrary, such as evidence showing the contributions of joint purchasers to have been unequal.* In the absence of an agreement to the contrary, joint purchasers of an estate hold shares therein in proportion to their contribution to the purchase price, but it has been held that proof of the fact that at the time of purchase vendees contributed unequal sums in cash is not proof that they took or intended to take in that proportion, where such payment in cash was only part

of the total consideration." [Italics added.] This concept is adopted in *Anderson v. Stacker,* supra, where the parties, being unmarried, purchased as "Kenneth B. Anderson and Bertha E. Anderson, his wife." Kenneth paid the entire down payment, and both parties executed first and second deeds of trust and notes for the balance. The court quotes, page 421[3–5], "'A conveyance to grantees as husband and wife, although the parties were knowingly living in meretricious relations, will, nothing being shown to warrant a different conclusion, ordinarily be construed to create a tenancy in common, and the property so conveyed will be apportioned, in partition or similar proceedings, on that basis, the apportionment not always being in equal shares but according to the proportionate contribution of each of the grantees toward the acquisition of the property.' Annotation, 31 A.L. R.2d loc. cit. 1311." See also, for the same result, *Richardson v. Kuhlmyer,* 250 S.W.2d 355 (Mo.1952); *Keller v. Porchey,* supra, page 258[1, 2]. See also Anno. 48 A.L.R.2d 1305, 1310, concerning the equitable right of contribution between cotenants where one pays more than his share of a debt secured by a mortgage or other lien on the common property, the underlying rationale of the *Anderson* case, supra, as recognized in *Hahn v. Hahn,* 297 S.W.2d 559 (Mo. banc 1957); *Herrmann v. Scholl,* 96 S.W.2d 635 (Mo.App.1936), and *Funk v. Seehorn,* 74 S.W. 445 (Mo.App.1903). This principle would authorize Doctor Dasher to enforce an equitable lien in the partition proceedings to the extent of his payments on the down payment, the mortgage, insurance, taxes, and repairs made on Bonnie's behalf, thus reducing her entitlement from one-half of the net sale proceeds upon distribution after partition was made.

The judgment of the trial court is correct, and it is affirmed.

All concur.