Beverly **MONTGOMERY**, Respondent,

v.

Kenny **ROBERTS**, Appellant.

No. 50450.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 19, 1986.

Charles Oldham, Anne V. Maloney, St. Louis, for appellant.

Lester H. Goldman, Charles H. Huber, St. Ann, for respondent.

CRANDALL, Presiding Judge.

Defendant, Kenny Roberts appeals from a judgment, in a court tried case, entered in favor of the plaintiff, Beverly S. Montgomery, in an action to quiet title to certain real property. We affirm.

Defendant raises two points on appeal: (1) the trial court erroneously declared that Vernon Montgomery was not married at the time of executing a quit claim deed; (2) the trial court erroneously concluded that Vernon Montgomery owned the entire interest in the real property.

Vernon Montgomery was born in St. Louis. Beverly Montgomery was his only sibling. Vernon lived with his father and brother until 1938. After he moved out, he stayed in St. Louis until 1942 when he moved to Chicago. There is some evidence that in 1938 Vernon moved in with Edna Wade, the aunt of the defendant, Kenny Roberts. There is a 1938 marriage license in the names of Elizabeth Wade and Joseph Montgomery. A witness explained the use of the name "Elizabeth" by Edna Wade as being her baptismal name. Also the use of the name "Joseph" by Vernon was accounted for by a baptismal record for a Vernon Joseph Montgomery. After 1942, Vernon and Edna lived together in Chicago for a period of time. From the middle 1950's on Vernon did not live with Edna, but with other women.

In 1972, Vernon returned from Chicago. On December 18, 1972 Vernon purchased some real property in Overland, Missouri, 9922 Baltimore Avenue. In the middle of 1981, Edna returned to St. Louis and took up residence at 9922 Baltimore Avenue with Vernon, who was terminally ill. On November 7, 1981 a quit claim deed was executed by Vernon transferring the property from himself to himself and Edna Montgomery, as his wife, as tenants by the entireties. The deed was recorded November 9, 1981. On January 22, 1982 Vernon died. There is some evidence that in his later years Vernon had periods of time when he was not lucid. Later on, on September 15, 1982 Edna died. Subsequently, Beverly Montgomery filed a petition to quiet title to the Overland property.

The standard for appellate review in a court tried case is prescribed by the oft-cited case of *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Within that narrow scope of review we now consider defendant's allegations of error.

■ First, Defendant contends that the trial court's finding that Vernon Montgomery was not married at the time he executed the quit claim deed is an erroneous declaration and application of the law and is against the weight of the evidence.

In the present case, there was evidence presented that Vernon and Edna were not married. Vernon's tax forms for the years 1961–80 designate him as being single. There was also evidence to the contrary. There was a joint bank account in the names of Vernon and Edna Montgomery. Also, there was the 1938 marriage license which was issued to people with similar names. The trial judge, as the trier of fact, concluded from the evidence that at the time Vernon executed the quit claim deed he was not married. "Deference is accorded the trial judge even if there is evidence which supports a different conclusion." *Ware v. Ware,* 647 S.W.2d 582, 584 (Mo.App.1983). Finding no abuse of discretion, we deny defendant's first point.

Defendant next contends that the trial court's conclusion that Vernon Montgomery owned the entire interest in the Overland property is an erroneous declaration and application of the law.

■ A tenancy by the entireties can only be created between a husband and wife. *State ex rel. State Highway Commission of Missouri v. Morganstein,* 649 S.W.2d 485, 488 (Mo.App.1983). "A conveyance to grantees as husband and wife, although the parties were, knowingly living in meretricious relations will, nothing being shown to warrant a different conclusion, ordinarily be construed to create a tenancy in common...." Annotation, 31 A.L.R.2d loc. cit. 1311.

■ In the present case, the trial court found that Vernon was not married to Edna when he executed the quit claim deed. Since Edna and Vernon were not legally husband and wife, a tenancy by the entireties could not be created. *Morganstein,* 649 S.W.2d at 485. Thus, Edna and Vernon only could take title as tenants in common. Annotation, 31 A.L.R.2d loc. cit. 1311.

■ With a tenancy in common, if a deed " ... does not specify the shares of each co-tenant, it will be presumed that they take equal undivided interests, but this presumption may be rebutted by proof, e.g., that the co-tenants contributed unequal amounts toward the purchase of the property and there is neither a family relationship among the co-tenants nor any evidence of donative intent on the part of those who contributed more than their pro rata amounts towards the purchase price." Roger Cunningham, William Stoebuck, Dale Whitman, *The Law of Property,* § 52 (1984). Also, "[w]here a tenancy by the entireties does not arise because the parties are not married, each tenant in common may show the part he contributed to the whole." 4 George Thompson, *Thompson On Real Property,* § 1786 (1979).

In *Anderson v. Stacker,* 317 S.W.2d 417 (Mo.1958) the plaintiff bought property in contemplation of his marriage and deeded it to himself and his fiancee as husband and wife. However, the marriage never took place. The plaintiff filed suit to quiet title alleging he was the sole contributor to the purchase of the property. The court declared that it was following the general rule when it " ... apportioned the interests of the parties proportionately to their contributions to its acquisition." *Id.* at 421. *See also Keller v. Porchey,* 560 S.W.2d 257 (Mo.App.1977).

In the present case, Vernon and Edna were tenants in common since they were not married. Since there was no evidence of donative intent on Vernon's part nor the existence of a family relationship, the property had to be apportioned according to the contribution of each towards the acquisition of the property. Annotation 31 A.L. R.2d loc. cit. 1311. Since Edna made no contribution to the purchase price of the property, she was not entitled to any share of the property. Vernon, then, held the entire interest in the property. Vernon's only heir, Beverly Montgomery, therefore, inherited the entire property. Defendant's second point is denied.

The judgment of the trial court is affirmed.[1]

KELLY and PUDLOWSKI, JJ., concur.

---

1. The motion of John H. Mitchell to intervene is denied.