In re Annette Marie
WELLS–VOERG, Debtor.

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,
Plaintiff,

v.

Annette Marie WELLS–VOERG and
Wanda Wells, Defendant.

Bankruptcy No. 90–01562–M13.
Adv. No. 90–0197(2).

United States Bankruptcy Court,
E.D. Missouri, E.D.

Oct. 25, 1990.

---

522

Lisa C. Toarmina, Clayton, Mo., for plaintiff.

T.J. Mullin, Clayton, Mo., for debtor/defendant.

Antonio M. Manansala, St. Louis, Mo., for Wanda Wells.

John V. LaBarge, Jr., St. Louis, Mo., Trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM AND ORDER

DAVID P. McDONALD, Chief Judge.

### I. JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(O), which the Court may hear and determine.

### II. FACTUAL BACKGROUND

This adversary proceeding involves a claim by the Debtor's mother, Defendant, Wanda Wells, to the proceeds of the sale of a certain parcel of real estate known as 3255 Bayshore Parkway, Jefferson County, Missouri (the "Property"). On October 22, 1985, Wanda Wells executed a quit claim deed purporting to transfer her fee simple interest in the Property to " . . . Wanda E. Wells, and Annette M. Voerg, as tenants in common with rights of survivorship." The Debtor, Annette Marie Wells–Voerg, filed her petition for protection under Chapter 13 of the Bankruptcy Code on April 4, 1990, but she did not list this Property on her Schedule B-1. On May 31, 1990, the Property was sold to Eric and Josephine Quesnel for the sum of $57,500.00. After the transaction was completed, Commonwealth Land Title Insurance Company, Plaintiff, deposited the net proceeds from the sale, $51,576.65, in an escrow account naming Plaintiff escrowee for Debtor and Wells. However, the funds were not immediately disbursed because Plaintiff was aware that Annette Marie Wells–Voerg had filed her petition in bankruptcy, and felt that competing claims to the proceeds might be asserted. Accordingly, it instituted this adversary proceeding upon a Complaint For Interpleader filed on June 26, 1990.

The Plaintiff's Complaint requested, *inter alia*, a determination of the respective rights of Defendant, Wanda Wells, and Debtor/Defendant, Annette Marie Wells–Voerg, to the net proceeds from the sale of the Property. On August 1, 1990, Wanda Wells filed her Answer to Plaintiff's Complaint For Interpleader and Cross Claim Complaint To Determine Interest In Property.[1] Neither Defendant Annette Marie

---

1. Defendant Wells originally designated her Complaint To Determine Interest In Property as a Counter Claim against Plaintiff; however, the Court will regard the Complaint to be a well

Wells–Voerg nor the duly appointed Chapter 13 Trustee have filed responsive pleadings in this matter. A pre-trial conference was held on August 22, 1990, and a Preliminary Order in Interpleader was issued on August 23, 1990. The Preliminary Order directed the Plaintiff to release one-half of the net proceeds from the sale of the Property to Wanda Wells. In addition, the Plaintiff was ordered to pay the balance of the proceeds into the Registry of the Bankruptcy Court pending the outcome of the Complaint To Determine Interest In Property.

Defendant Wanda Wells filed a Motion To Set Aside the Preliminary Order on September 7, 1990. The Motion was denied on September 12, 1990. On September 26, 1990, Wells filed her Motion For Reconsideration. At a hearing conducted on October 22, 1990, Wanda Wells reasserted her Complaint To Determine Interest In Property and withdrew her Motion For Reconsideration of the Preliminary Order of August 23, 1990. An affidavit was submitted by Annette Marie Wells–Voerg wherein she avers that the transfer of the Property was made as an accommodation and estate planning vehicle for her mother. She also asserts that no consideration was given for the transfer nor contribution made towards the purchase of the Property. In all respects, the Debtor claims no interest in the proceeds from the sale of the Property. The Trustee also was present at the October 22, 1990 hearing, but asserted no claim to the proceeds held in the Court Registry.

The parties request that the Court determine whether Wanda Wells is entitled to the balance of the proceeds from the sale of Property held by tenants in common where the initial transfer to the co-tenants was made without consideration or contribution on the part of the Debtor and was not intended to be a gift from Wells to her daughter. Also before the Court is Plaintiff's Amended Application For Attorney's Fees And Costs, submitted on September 6, 1990.

plead Cross Claim directed at Debtor/Defendant

## III. CONCLUSIONS OF LAW

### A. RIGHTS TO PROCEEDS HELD BY TENANCY IN COMMON

Under Missouri law, if a deed does not specify the respective shares of co-tenants holding property in common, it is presumed that each takes an equal undivided interest. *Montgomery v. Roberts*, 714 S.W.2d 234, 236 (Mo.Ct.App.1986). However, this presumption may be rebutted by proof that the co-tenants contributed unequal amounts toward the purchase of the property and where there is no evidence of any donative intent on the part of those who contributed more than their pro rata share of the purchase price. *Id.* See also, *Brooks v. Kunz*, 637 S.W.2d 135 (Mo. Ct.App.1982); *Anderson v. Stacker*, 317 S.W.2d 417 (Mo.1958). In the case before the Court, it is clearly evident that the Debtor contributed nothing towards the purchase of the Property nor did she pay any consideration for the transfer of the Property from her mother in fee to herself and her mother as tenants in common. In addition, the uncontroverted evidence reveals no donative intent on the part of Wanda Wells. It appears that the transaction was undertaken merely for the sake of estate planning, and was not designed to vest a one-half interest in the Property in Annette Marie Wells–Voerg. Accordingly, the Court finds that Wanda Wells contributed the entire amount required to effect the initial transfer of the Property from herself in fee to herself and her daughter as tenants in common. Therefore, the Court finds that Wanda Wells is entitled to the balance of the net proceeds from the sale of the Property.

### B. APPLICATION FOR ATTORNEY'S FEES AND COSTS

In *Nelson v. Hotchkiss*, 601 S.W.2d 14 (Mo. banc 1980), the Missouri Supreme Court recognized that attorney's fees may be award out of the proceeds of a partition action to the party who instituted the suit. Similarly, the federal courts have long recognized a discretionary authority to award attorney's fees in an action in interpleader.

Annette Marie Wells–Voerg.

**524**

See, e.g., *United States v. Chapman,* 281 F.2d 862, 870 (10th Cir.1960). Therefore, the Court finds that the Plaintiff is entitled to reasonable attorney's fees and costs incurred by it in connection with this interpleader action.

The Plaintiff has provided this Court and the parties with a detailed fee application which sets out the time expended by it and contains an itemized list of costs incurred in connection with this proceeding. Finding these fees and costs to be reasonable, the Court holds that Plaintiff shall be awarded the sum of $1,141.50 as and for attorney's fees and $120.00 as and for costs to be paid out of the funds now on deposit with the Registry of the Court.

Therefore, it is hereby

ORDERED, ADJUDGED AND DE-CREED that the Cross Claim Complaint To Determine Interest In Property filed by Defendant Wanda Wells shall be and is hereby GRANTED;

IT IS FURTHER ORDERED that Clerk of the Court is hereby directed to pay the sum of $1,261.50 to the Plaintiff as and for attorney's fees and costs out of the funds designated Adversary No. 90–0197(2) now held in the Court Registry; and

IT IS FURTHER ORDERED that Clerk of the Court is hereby directed to release the balance of the funds designated Adversary No. 90–0197(2) now on deposit in the Court Registry to Defendant Wanda Wells, less the attorney's fees and costs set out above, and less the interest which has accrued during the first forty-five days such funds have remained on deposit with the Court Registry.