In the MATTER OF the ESTATE OF
Mark E. SNYDER, Deceased.

Catherine J. SNYDER, Plaintiff–
Respondent,

v.

Mark E. SNYDER, Jr., Defendant–
Appellant.

No. 64053.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 4, 1994.

Rick M. Stout, Weldon Spring, for defendant-appellant.

William T. Euwer, Clayton, for plaintiff-respondent.

PUDLOWSKI, Judge.

Appellant, Mark Snyder, Jr., appeals from an order of the probate court setting aside the termination of his father's estate based on fraud under § 472.013 RSMo 1986. The probate court found that title to the family home vested in respondent, appellant's mother, Catherine J. Snyder, as the survivor of a tenancy by the entirety, even though she and the deceased were not married when they took title to the real property. The court also found appellant's failure to correct the inventory and relinquish any claim to the property amounted to fraud. This matter was submitted to the probate court on an agreed stipulation of the facts.

The primary issue in this case centers around ownership of property included in the estate of Mark E. Snyder, Sr., (Mark, Sr.). In 1940, Mark, Sr. married a woman named Kathryn (K) but separated from her in 1954. While still married to K, he began a liaison with Catherine J. Gillen (respondent), who was also legally married to another person. The life-long liaison resulted in the birth of a son, Mark, Jr. (appellant), born in 1961 and a daughter, Cherry Lynn, born in 1963. A few years after the children were born the parties purchased a home together at 13118 Cozy Hill Drive, St. Louis, Mo. Although neither was divorced from their respective spouses, the deed was titled Mark E. Snyder and Catherine J. Snyder, his wife, as owners.

In 1971, Mark, Sr. hired an attorney and divorced his first wife, K. The dissolution resulted in a default judgment against Mark Sr.'s estranged wife, K. In the divorce decree, the court directed K to quitclaim any interest she might have had in the aforementioned property to Mark, Sr. and declared him the sole owner of the home.

In 1979 respondent divorced her husband. Ten years later Mark, Sr. and the respondent married. Later that same year, Mark, Sr., ill with lung cancer, executed a will devising his entire estate to his son, the appellant. The same attorney that represented Mark, Sr. in his divorce was the scrivener of his will. Twenty-eight days later Mark, Sr. died.

In September, 1989, appellant, as personal representative of his father's estate, submitted the will to probate assisted by his father's former attorney. On October 2, 1989, the probate court notified respondent of her right to take against the will under § 474.260 RSMo 1986, but she did not respond to the notice. Respondent believed the only assets in the estate were two older used cars and about $1,100 worth of personal property. She also assumed she was the owner of the home on Cozy Hill Drive as the survivor of, what she thought was, a tenancy by the entirety estate. She filed an affidavit with the recorder of deeds on October 10, 1989, declaring herself sole owner of the property due to Mark, Sr.'s death.

A year had passed before appellant submitted the inventory and statement of account for his father's estate. The statement of account listed a payment to a title company as one of the expenses of the estate but appellant did not attach a copy of the title search to the statement. Appellant listed the home in the inventory. He submitted an affidavit to the probate court declaring his father had been the sole owner of the home by virtue of the divorce decree from his first wife. Appellant did not transfer title at the recorder of deeds or inform respondent of his contention that he now owned the home. The probate court approved the inventory, the property was distributed to appellant and the estate was closed. Respondent continued to live in the house and paid the taxes in 1989 and 1990. A year after the estate was terminated appellant changed the mailing address for the real estate tax bill from his mother's address to his own. At that time respondent discovered appellant had listed the house in the inventory and distributed it to himself.

Respondent filed this suit alleging fraud and asking the order terminating Mark, Sr.'s estate be set aside. The probate court found appellant's failure to correct the inventory constituted fraud and set aside the probate order. The court awarded respondent the property as the survivor of a tenancy by the entirety. The court held, although the parties were not married at the time of the conveyance, their subsequent marriage (some twenty-six years after the conveyance) created a tenancy by the entireties. The trial court also found the evidence indicated Mark, Sr. and respondent intended the deed convey an estate with a survivorship interest.

■ Where facts are derived from an agreed upon stipulation and exhibits but the parties have not conceded all ultimate facts or factual inferences, we review the record in the light most favorable to the prevailing party. *Graue v. Missouri Property Facility*, 847 S.W.2d 779, 782 (Mo. banc 1993). The trial court's judgment should be affirmed unless there is no evidence to support it or it erroneously declares or applies the law. *Id.* We review the issues under this standard.

■ Appellant first argues respondent's petition failed to plead the elements of fraud and, therefore, the court lacked jurisdiction to hear the case under § 472.013 RSMo 1986. We disagree. Section 472.141.1(2) RSMo 1986 provides in pertinent part "In an adversary probate proceeding, ... Civil Rule 55 shall not apply unless specifically made applicable by a provision in the probate code or unless the court enters an order designating all or specific provisions of ... Rule 55 applicable to a particular probate proceeding." Considering this statute, we find the probate court had jurisdiction. First, the present case is an adversary proceeding as defined in § 472.140 RSMo 1986. Second, the probate code does not contain a provision that specifies the application of Rule 55 to an action for

fraud, and third, the court did not order its application in this case. The probate court is not bound by Civil Rule 55 in an adversarial proceeding unless the probate court so designates and, therefore, the court's jurisdiction does not depend on compliance with the rule. The court had jurisdiction over the matter. Appellant's jurisdictional argument is rejected.

■ We next address the trial court's findings as to the legal effect of the deed. The trial court held although the parties were not married at the time of the conveyance, the fact that they took title as husband and wife and subsequently did marry created a tenancy by the entirety. We disagree. Tenancy by the entirety is an estate that can only exist between two people who are husband and wife at the time of the conveyance. *Montgomery v. Roberts*, 714 S.W.2d 234, 235 (Mo.App.E.D.1986). Subsequent actions, as occurred in this case, could not create a tenancy by the entirety. The trial court's ruling on this point is reversed.

■ Section 442.450 RSMo 1986 requires "that every interest in real estate granted or devised to two or more persons, other than husband and wife, shall be a tenancy in common, unless expressly declared in such grant or devise, to be a joint tenancy." The Missouri Supreme Court in applying § 442.450 determined a conveyance to grantees as husband and wife, although the parties are knowingly living together without benefit of marriage, will, nothing being shown to warrant a different conclusion, ordinarily be construed to create a tenancy in common. *Anderson v. Stacker*, 317 S.W.2d 417, 421 (Mo.1958).[1] Respondent argues the facts of this case warrant a different conclusion and asks this court to find the estate was a joint tenancy with right of survivorship. Respondent first points to the words "his wife" on the deed. Respondent then maintains because Mark, Sr. had not seen his first wife, K, for ten years prior to the conveyance and

he and respondent had lived together for five years and had two small children before they purchased the home, there is adequate evidence to uphold the trial court's determination the parties intended a survivorship interest in the estate. We disagree. There is simply insufficient evidence in the record to support a clear expression of intent of survivorship. The deed was a standard form deed. The only words the parties supplied were "Mark E. Snyder and Catherine J. Snyder, his wife." The printed part of the deed contained only the standard clause "to their heirs and assigns." There are no other words to indicate a survivorship interest. The fact the parties lived together prior to the purchase and subsequently had children does not show a clear intent to take the property as joint tenants. The parties both knew the legal description in the deed was not only incorrect, but impossible under their circumstances. Respondent urges the lasting relationship and subsequent marriage of the parties supports the probate court's finding the parties intended an estate with a survivorship interest but Mark, Sr.'s will, leaving "real estate" to appellant negates that inference. Because the evidence does not clearly show the parties intended a joint tenancy, we must find the estate created by the 1967 conveyance was a tenancy in common between Mark Snyder, Sr. and respondent.

■ The parties stipulate respondent was the Catherine that purchased the home with Mark, Sr. Respondent, therefore, had a one-half interest in the Cozy Hill property. "With a tenancy in common, if the deed does not specify the shares of each cotenant, it will be presumed that they take equal undivided interests." *Montgomery v. Roberts*, 714 S.W.2d 234, 236 (Mo.App.E.D.1986). This presumption may be rebutted by proof that the parties contributed unequal amounts to acquisition of the property or where there is no family relationship between the parties.

---

1. Appellant points to *Montgomery v. Clarkson*, 585 S.W.2d 483, 485 (Mo. banc 1979) for the proposition that *Anderson* is overruled. We disagree. Appellant quotes the language from *Ashauer v. Hostetter*, 344 Mo. 665, 127 S.W.2d 697, 699 (en banc 1939), a case that was cited in *Montgomery*. In *Ashauer*, the Supreme Court interpreted § 472.450 to require an explicit statement in the deed in order to create a survivorship interest, but that decision was later criticized by the Supreme Court. *See Powers v. Buckowitz*, 347 S.W.2d 174 (Mo. en banc 1961). We do not agree that the rule in *Anderson* is no longer applicable.

*Id.* There is no evidence of an exception and, therefore, we find that the presumption should stand. Respondent's one-half interest in the real property was not part of the estate and should not have been distributed to appellant.

■■■ We now turn to the interest due each party in the residue of the estate. The record supports a finding appellant committed constructive fraud by breaching his fiduciary duty as personal representative of the estate and, therefore, the appropriate remedy is constructive trust. The breach of a fiduciary relationship is a constructive fraud. *Rajanna v. KRR Investments*, 810 S.W.2d 548, 550 (Mo.App.W.D.1991). Actual or constructive fraud entitles respondent to a constructive trust. *Fix v. Fix*, 847 S.W.2d 762, 765 (Mo. banc 1993). We impose a constructive trust over respondent's one-half interest in the home. In addition, we find appellant's breach deprived respondent of her right to elect for her statutory share of the remaining assets in the estate. We remand to the probate court with instructions respondent be given the opportunity to elect her statutory share of her husband's estate as provided in § 474.160 RSMo 1986, § 474.290 RSMo 1986, § 474.260 RSMo 1986 and § 474.250 RSMo 1986. The constructive trust is to include respondent's statutory share, if she decides to apply for it, in addition to one-half interest in the real property. Costs to appellant.

Reversed in part, affirmed in part and remanded to the trial court.

SIMON, P.J., and KAROHL, J., concur.